UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

PATRICIA HODGE,

               Plaintiff,

- against -

TENENBAUM BERGER & SHIVERS, LLP,

               Defendant.
----------------------------------------------------------x

**DECISION AND ORDER**

14-CV-4031 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge**

Plaintiff Patricia Hodge brings this *pro se* action against the law firm that previously represented her in a state court action, seeking declaratory relief and monetary damages. Plaintiff paid the requisite filing fee to bring this action. For the reasons discussed below, the Complaint is dismissed.

## DISCUSSION

Although Plaintiff is proceeding *pro se*, and her Complaint is held to less stringent standards than pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), she must establish that the court has subject matter jurisdiction over her action. *See, e.g., Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (Spatt, J.) (dismissing *pro se* complaint for lack of subject matter jurisdiction).

The subject matter jurisdiction of the federal courts is limited. The basic statutory grants of federal court subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). Section 1331 provides for federal question jurisdiction, and §1332 provides for diversity of citizenship jurisdiction. *Id.* A plaintiff properly

invokes §1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount of $75,000. *Id.* (citing § 1332(a)).

Here, Plaintiff cannot invoke diversity jurisdiction because both parties are alleged to be citizens of the State of New York. Compl. at 1. Further, Plaintiff fails to present a federal question: her factual allegations state a claim for legal malpractice, which is a matter of state law over which this Court does not have federal question jurisdiction. *See Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir.1975) ("Whatever cause of action [the plaintiff] might have against his lawyer, whether sounding in professional malpractice, tort, or otherwise, is one of state law insufficient to vest a federal court with jurisdiction over the subject matter."); *Chery v. Law Office of Felix Kozak, P.C.*, No. 11 CV 3471, 2011 WL 4056069, at *2 (E.D.N.Y. Aug. 28, 2011) (Feuerstein, J.) (federal district courts do not have subject matter jurisdiction over legal malpractice claims).

## CONCLUSION

Accordingly, the Complaint is dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). Although Plaintiff paid the filing fee to bring this action, if she requests *in forma pauperis* status for any appeal, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**　　　　　　　　　　　　　　/S/ Judge William F. Kuntz, II

WILLIAM F. KUNTZ, II
United States District Judge

Dated: July 3, 2014
　　　　Brooklyn, New York